IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED

FEB 2 5 2009

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

MICHAEL ROSHANE DEMERY, )
)
        Plaintiff, )
)
v. ) No. CIV 08-106-RAW-SPS
)
LEFLORE COUNTY )
COMMISSIONERS, et al., )
)
        Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss pursuant to 42 U.S.C. § 1997e. Plaintiff, a former inmate of the Oklahoma Department of Corrections, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Jim E. Hamilton Correctional Center (JEHCC) in Hodgen, Oklahoma. The defendants are the LeFlore County Commissioners, JEHCC Warden Bruce Howard, JEHCC Medical Administrator Barbara Lewis, JEHCC L.P.N. Marie James, JEHCC Food Services Supervisor John Pugh, and JEHCC Food Service Worker Liz Spranger.[1, 2]

Plaintiff alleges that when he arrived at JEHCC on May 23, 2007, he was being

---

[1] The LeFlore County Commissioners have not been served.

[2] To the extent the JEHCC defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

treated for hypertension, nasal congestion, and headaches related to indoor allergies and allergies to oranges and sulfur. He asserts Defendants Warden Bruce Howard and Medical Administrator Barbara Lewis were deliberately indifferent to his medical needs in failing to provide physical examinations, medications, or physician clearance before placing him on the facility's ground crew. In addition, the defendants failed to continue his previously prescribed medications and diet until he went to medical services.

When a medical diet was imposed, Defendant Food Service Worker Liz Spranger allegedly advised plaintiff he would not be allowed foods such as sausage, pork chops, or desserts such as cake or peach cobbler. Plaintiff complains Ms. Spranger did not give him a diet to lower his cholesterol and sodium, and she placed oranges on the main dish of his food tray.

Plaintiff further alleges that on September 9, 2007, he filed a Request to Staff to Defendant Lewis, asking why he had not received his semi-annual chronic care medical visit, as required by DOC policy. He previously had requested reasoning for the JEHCC staff's failure to notify him that his prescriptions had expired. He was advised to submit a Sick Call Request for renewal of prescription medications. On September 18, 2007, his prescriptions were renewed, and he received an allergy injection. Plaintiff contends, however, that he did not receive a chronic care medical examination.

On December 10, 2007, plaintiff disagreed with Defendant Marie James, L.P.N., about the fees for his medical treatment. Ms. James allegedly told plaintiff that the medical policies of plaintiff's previous facility were not relevant, and he would be charged for his medical visits and medications, including Benadryl. On December 11, 2007, plaintiff submitted a Request to Staff to Defendant Lewis, requesting a refund of fees taken from his trust account for his medical care. Ms. Lewis' response stated that plaintiff went to medical

2

services on September 18, 2007, where he received an injection and a prescription for Benadryl with two refills. According to Ms. Lewis, the charges for medical services were accurate, but plaintiff had received too many pills.

Plaintiff further complains that Warden Howard failed to provide him with a healthy, sanitary environment with proper ventilation, fire protection, adequate physical space, an adequate law library, and an environment that was free from administratively protected inmates. Howard also allegedly failed to provide an environment that would decrease the incidence of infectious, communicable diseases and stress-related diseases. In support of his claims, plaintiff cites Okla. Stat. tit. 63, § 477, which concerns the county commissioners' duty to "provide necessary supplies and cause the charitable institutions of their county to be maintained in a clean and sanitary condition at all times."

The JEHCC defendants have filed a motion to dismiss, alleging plaintiff has failed to exhaust his administrative remedies for any of the claims asserted in his complaint. Plaintiff admits in his complaint that he has not exhausted his available administrative remedies, because "[i]t was futile and effortless," and he has not responded to the motion.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

3

According to DOC Policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally. If that is unsuccessful, he may submit a Request to Staff. If the complaint still is not resolved, he then may file a grievance. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer. The administrative process is exhausted only after all of these steps have been taken.

It is clear from the record that plaintiff failed even to attempt to exhaust his available remedies. Plaintiff did not comply with the policies and deadlines of the DOC grievance policy, so his claims must be dismissed. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (holding that a prisoner must use "all steps that the agency holds out" in "compliance with an agency's deadlines and other critical procedural rules.").

Finally, the court finds plaintiff's frivolous claim against the LeFlore County Commissioners fails. He apparently is basing the claim on a mistaken belief that the county commissioners are responsible for the conditions in DOC facilities.

**ACCORDINGLY,** the defendants' motion to dismiss [Docket #24] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 25th day of February 2009.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**

4